UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRUSTEES OF THE STRUCTURAL STEEL AND )
BRIDGE PAINTERS OF GREATER NEW YORK )
EMPLOYEE TRUST FUNDS AND TRUSTEES OF ) Index No.:
THE DISTRICT COUNCIL 9 PAINTNG INDUSTRY )
INSURANCE AND ANNUITY FUNDS, ) COMPLAINT
)
Plaintiffs, )
)
-against- )
) **07 CIV 11404**
CARABIE CORPORATION AND CHUBB GROUP )
OF INSURANCE COMPANIES AND VIGILANT ) JUDGE ROBINSON
INSURANCE COMPANY AND FEDERAL )
INSURANCE COMPANY AND FIDELITY AND )
DEPOSIT COMPANY OF MARYLAND AND )
ZURICH AMERICAN INSURANCE COMPANY, )
)
Defendants. )

---

Plaintiffs, Trustees of the Structural Steel and Bridge Painters of Greater New York Employee Trust Funds and Trustees of the District Council 9 Painting Industry Insurance and Annuity Funds (hereinafter referred to as the "Funds") by their attorneys Barnes, Iaccarino, Virginia, Ambinder & Shepherd, PLLC allege as follows:

### JURISDICTION AND VENUE

1. This civil action is based on the provisions of Section 301 of the Labor Management Relations Act of 1947 (hereinafter referred to as the "Taft-Hartley Act") 29 U.S.C. Section 185, and on Section 502(a)(3) and Section 515 of the Employee Retirement Income Security Act, as amended (hereinafter referred to as "ERISA") (29 U.S.C. Section 1132(a)(3) and 29 U.S.C. 1145).

2. Jurisdiction is conferred upon this Court by Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and Sections 502(e)(1) and 502(f) of ERISA (29 U.S.C. Sections 1132(e)(1) and 1132(f)); and derivative jurisdiction is contained in 28 U.S.C. Sections 1331 and 1337.

3. Venue properly lies in this District under the provisions of 502(e)(2) of ERISA (29 U.S.C. Section 1132(e)(2)) and Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and 28 U.S.C. Section 1391(b).

4. This action is brought by the respective Trustees of the Funds in their fiduciary capacities for injunctive relief, monetary damages and other equitable relief under ERISA and for breach of a labor contract to secure performance by an Employer and the Sureties of specific statutory and contractual obligations to submit the required monetary contributions and dues check-off to the Plaintiffs in a timely fashion.

5. The Funds also bring this action under Section 137 of the New York State Finance Law and to enforce a bond agreement against the Sureties. The bond issued by the Sureties guaranteed, among other provision, to remit fringe benefits to the Funds obligated by the Employer.

## PARTIES

6. The Plaintiff Trustees are, at all relevant times, the fiduciaries of jointly administered multi-employer, labor management trust funds as defined by Section 3(21)(A) and Section 502(a)(3) of ERISA (29 U.S.C. Sections 1002(21)(A) and 1132(a)(3)). The Funds are established and maintained by the Union and various Employers pursuant to the terms of the Collective Bargaining Agreements and Trust Indentures in accordance with Section 302(c)(5)(1) of the Taft-Hartley Act (29 U.S.C. Section 186 (c)(5)). The Funds are employee benefit plans within the meaning of Sections 3(1), 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. Sections 1002 3(1), 3(2), 3(3) and 1132(d)(1)), and multi-employer plans within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. Sections 1002(37) and 1145). Plaintiffs are Trustees of the Funds and the "plan sponsor" within the meaning of Section (3)(16)(B)(iii) of ERISA (29 U.S.C. Section 1002(16)(B)(iii)).

7. The Funds provide fringe benefits to eligible employees, retirees and their dependents on whose behalf the Employer is required to contribute to the Funds pursuant to its Collective Bargaining Agreement (hereinafter referred to as the "Agreement") between the Employer and the Structural Steel and Bridge Painters of Greater New York Local Union No. 806 (hereinafter referred to as the "Union"). The Funds are authorized to collect contributions on behalf of the employees from the Employers, and the Plaintiff Trustees as fiduciaries of the Funds are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 U.S.C. Section 1132(d)(1)) and are obligated to bring actions to enforce the provisions of the Trade Agreement and Trust Indentures that concern the protection of employee benefit rights.

8. The Funds' maintain an office for the transaction of business at 14 Saw Mill River Road, Hawthorne, NY, 10532, in the County of Westchester.

9. The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. Section 142), and Section 3(4) of ERISA (29 U.S.C. Section 1002(4)), and as further defined in Section 12 of the General Associations Law of the State of New York.

10. Upon information and belief, the defendant, Carabie Corporation (hereinafter referred to as "the Employer") at all relevant times, was and is an "employer" within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. Sections 1002(5) and 1145) and was and still is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185).

11. Upon information and belief, the Employer was and is a for-profit domestic corporation with its principal place of business at 216 South Terrace Avenue, Mt. Vernon, NY 10550, in the County of Westchester.

12. Upon information and belief, Chubb Group of Insurance Companies and Vigilant Insurance

Company and Federal Insurance Company and Fidelity and Deposit Company of Maryland and Zurich American Insurance Company hereinafter referred to as the "Sureties") are insurance companies duly authorized and licensed to issue insurance policies under the laws of the State of New York and having places of business at 600 Independence Parkway, Chesapeake, VA 23327, 15 Mountain View Road, Warren, NJ 07061, One Upper Pond Road, P.O. Box 258, Building E/F, Morris Corporate Center II, Parsippany, NJ 07054, and One Liberty Plaza, New York, NY 10006.

## CAUSES FOR RELIEF
## AS AND FOR A FIRST CLAIM FOR RELIEF

13. The Employer executed an Agreement with the Union and/or was and still is a party to an Agreement with the Union by virtue of membership in an Employer Association.

14. The Agreement and/or Trust Indenture and/or Policy for Collection of Delinquent Contributions (hereinafter referred to as the "Policy") requires the Employer to submit contribution reports setting forth the hours that each of its employees worked and the amount of contributions due pursuant to the rate schedules set forth in the Agreement for all work performed by its employees covered by the Agreement and to remit such monetary contributions in accordance with the Agreement and the rules and regulations established in the Trust Indenture.

15. Upon information and belief, as a result of work performed by the individual employees of the Employer pursuant to the Agreement there became due and owing to the Funds and Union from the Employer fringe benefit contributions.

16. The Employer has failed and refused to remit to the Funds and Union the fringe benefit contributions due and owing under the Agreement and in accordance with the Trust Indentures and Policy for the project known as the White Plains Road Project, Contract No.: C-34574 (hereinafter referred to as the "Project") for the period October 1, 2005 through March 31, 2007 in the minimum amount of

$820,085.69 in contributions, plus interest, liquidated damages, attorneys' fees, court costs and disbursements.

17. The Employer's failure, refusal or neglect to remit the proper contributions to the Plaintiffs constitutes a violation of the Agreement between the Employer and the Union wherein the Funds are third party beneficiaries.

18. Pursuant to the Agreement and the Policy leave upon the Employer's failure to timely remit payment of fringe benefit contributions same shall be subject to interest at the rate of 2% above prime per annum and liquidated damages at the rate of 10% of the delinquent contributions. In addition if enforcement or collection procedures shall be commenced against an employer, such employer shall be required to pay the reasonable cost of expenses including attorney's fees and court costs.

19. Accordingly, pursuant to the Agreement the Employer is liable to Plaintiffs the minimum amount of $820,085.69 in unpaid contributions, plus interest, liquidated damages, attorneys' fees, court costs and disbursements.

## AS AND FOR A SECOND CLAIM FOR RELIEF

20. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "19" of this Complaint as if fully set forth at length herein.

21. Section 515 of ERISA, (29 U.S.C. Section 1145) requires employers to pay fringe benefit contributions in accordance with the terms and conditions of the Agreement and Trust Indentures.

22. The Employer has failed to pay or timely pay the fringe benefit contributions and/or submit the contribution report to Plaintiffs owed as a result of work performed by individual employees of the Employer. Such failure to make timely payment constitutes a violation of Section 515 of ERISA (29 U.S.C. Section 1145).

23. Section 502 of ERISA (29 U.S.C. Section 1132) provides that upon a finding of an employer violation of Section 515 of ERISA (29 U.S.C. Section 1145) which requires employers to pay fringe benefit contributions in accordance with the terms and conditions of collective bargaining agreements, the court shall award payment to a plaintiff Fund of the unpaid fringe benefit contributions, plus statutory damages and interest on the unpaid principal amount due both computed at a rate set forth in the United States Internal Revenue Code (26 U.S.C. Section 6621), together with reasonable attorneys' fees and costs and disbursements incurred in the action.

24. The failure to pay has injured the Funds by delaying the investment of contributions and causing unnecessary administrative costs for the Funds and has injured the participants and beneficiaries and other contributing employers of the benefit plan in the form of lower benefits and higher contribution amounts.

25. Accordingly, the Employer is liable to Plaintiffs under the Agreement and any Trust Indenture concerning the payment of fringe benefit contributions and late charges and under Sections 502 and 515 of ERISA (29 U.S.C. Sections 1132 and 1145) due to the failure to pay contributions when they are due.

26. Accordingly, the Employer is liable to the Funds and Union in the minimum principal amount of $820,085.69, plus liquidated damages, interest, attorneys' fees, court costs and disbursements pursuant to Section 502 of ERISA (29 U.S.C. Section 1132).

## AS AND FOR A THIRD CLAIM FOR RELIEF

27. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "26" of this Complaint as if set forth at length herein.

28. Pursuant to ERISA, the Agreement and/or Trust Indenture, the Employer is required to timely submit current fringe benefit contributions, and reports to plaintiffs.

29. Upon information and belief, the Employer has in the past failed to timely submit current

fringe benefit contributions, dues check-off and reports to plaintiffs and is in breach of the statutory obligations under ERISA, the Agreement and Trust Indenture.

30. During the course of the instant action, additional contributions and/or delinquency charges may become due and owing. If defendant fails to pay the contributions and/or delinquency charges, as part of this action, at the time of trial or judgment, whichever is later, those additional amounts should be included.

## AS AND FOR A FOURTH CLAIM FOR RELIEF

31. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "30" of this Complaint as if fully set forth at length herein.

32. The Employer as a material condition precedent to being awarded the Project, executed and the Surety provided a bond, bearing Bond No.: 89802889. The bond stated, in relevant part to this action, to guarantee payment of fringe benefit contributions for all labor used in the performance of the Project.

33. That bond is required to meet or mirror all the statutory requirements of New York State Finance Law Section 137. To the extent that the bond does not meet or mirror the statutory requirements of New York State Finance Law Section 137, Section 137 governs the Sureties' liability.

34. On or about May 4, 2006 written request was sent to the General Contractor and the Employer requesting payment of the fringe benefit contributions in connection with the Project.

35. On or about May 10, 2007 written request was sent to the Sureties requesting payment of the delinquent fringe benefit contributions in connection with the Project.

36. The Sureties by their failure to pay on the Bond has injured the Funds by delaying the investment of contributions and causing unnecessary administrative costs to the Funds and has injured the

participants and beneficiaries and other contributing employers of the benefit plan in the form of lower benefits and higher contributions amounts.

37. This action is timely under New York State Finance Law Section 137.

38. Accordingly, the Sureties are liable to the Funds for the proceeds of the bond in the minimum amount of $820,085.69 in contributions, plus interest, liquidated damages, attorneys' fees, court costs and disbursements.

**WHEREFORE**, Plaintiffs respectfully pray for Judgment against Defendants as follows:
On the First and Second and Fourth Claims for Relief:

(a) In the minimum sum of $820,085.69 representing benefit fund contributions for the Project, plus interest, liquidated damages, court costs and disbursements, audit fees and reasonable attorney's fees all in accordance with the Collective Bargaining Agreement and the Fund Policies for collection of delinquent contributions

On the Third Claim for Relief against Defendant Carabie Corporation:

(b) Damages in the amount of any additional contributions and/or delinquency charges which may become due and owing during the course of the instant action which amount shall include the principal plus interest and liquidated damages.

On all Claims for Relief:

(c) For such other and further relief as to the Court deems appropriate.

Dated: Elmsford, New York
December 13, 2007

Respectfully submitted,

BARNES, IACCARINO, VIRGINIA,
AMBINDER & SHEPHERD, PLLC

_____
Dana L. Henke (DLH3025)
Attorneys for Plaintiffs
258 Saw Mill River Road
Elmsford, New York 10523
(914) 592-1515