UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
TRUSTEES OF THE STRUCTURAL STEEL AND
BRIDGE PAINTERS OF GREATER NEW YORK
EMPLOYEE TRUST FUNDS AND TRUSTEES OF          **ANSWER**
THE DISTRICT COUNSEL 9 PAINTING INDUSTRY
INSURANCE AND ANNUITY FUNDS,

                Plaintiff,                        07 Civ. 11404 (SCR)( LMS)

         -against-

CARABIE CORPORATION AND CHUBB GROUP OF
INSURANCE COMPANIES AND VIGILANT
INSURANCE COMPANY AND FIDELITY AND
DEPOSIT COMPANY OF MARYLAND AND ZURICH
AMERICAN INSURANCE COMPANY,

                Defendant.

------------------------------------------------------------------------X

       Defendant, Carabie Corporation (hereinafter "Carabie"), by its attorneys, Collier, Halpern, Newberg, Nolletti & Bock, LLP, as and for its answer to the plaintiff's complaint, dated December 13, 2007 (hereinafter "complaint"), alleges as follows:

       1.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the complaint, and further alleges that Paragraph 1 of the complaint states a legal conclusion to which no response is required.

       2.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the complaint, and further alleges that Paragraph 2 of the complaint states a legal conclusion to which no response is required.

       3.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the complaint, and further alleges that Paragraph 3 of the complaint states a legal conclusion to which no response is required.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the complaint, and further alleges that Paragraph 4 of the complaint states a legal conclusion to which no response is required.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the complaint, and further alleges that Paragraph 5 of the complaint states a legal conclusion to which no response is required.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the complaint, and further alleges that Paragraph 6 of the complaint states a legal conclusion to which no response is required.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the complaint, and further alleges that Paragraph 7 of the complaint states a legal conclusion to which no response is required.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the complaint, and further alleges that Paragraph 9 of the complaint states a legal conclusion to which no response is required.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the complaint, and further alleges that Paragraph 10 of the complaint states a legal conclusion to which no response is required.

11. Admits the allegations contained in Paragraph 11 of the complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the complaint.

**CAUSES FOR RELIEF**
**AS AND FOR A FIRST CLAIM F0R RELIEF**

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the complaint, except admits that Carabie is a member of a union.

14. Denies each and every allegation contained in Paragraph 14 of the complaint, except refers the Court to the "Agreement and/or Trust Indenture and/or Policy for Collection of Delinquent Contributions (hereinafter referred to as the "Policy") for their true and correct content, and alleges that all interpretations of the provisions of the Policy be referred to, and determined by the trier of fact.

15. Admits the allegations contained in Paragraph 15 of the complaint.

16. Denies each and every allegation contained in Paragraph 16 of the complaint.

17. Denies each and every allegation contained in Paragraph 17 of the complaint, except refers the Court to the Policy for its true and correct content, and alleges that all interpretations of the provisions of the Policy be referred to, and determined by the trier of fact.

18. Denies each and every allegation contained in Paragraph 18 of the complaint, except refers the Court to the Policy for its true and correct content, and alleges that all interpretations of the provisions of the Policy be referred to, and determined by the trier of fact.

19. Denies each and every allegation contained in Paragraph 19 of the complaint.

## AS AND FOR A SECOND CLAIM FOR RELIEF

20. As to Paragraph 20 of the complaint, Carabie repeats and realleges its previous responses to Paragraphs 1 through 19, as if the same were more fully set forth at length herein.

21. Denies each and every allegation contained in Paragraph 21 of the complaint, and further alleges that Paragraph 21 of the complaint states a legal conclusion to which no response is required.

22. Denies each and every allegation contained in Paragraph 22 of the complaint, and further alleges that Paragraph 22 of the complaint states a legal conclusion to which no response is required.

23. Denies each and every allegation contained in Paragraph 23 of the complaint, and further alleges that Paragraph 23 of the complaint states a legal conclusion to which no response is required.

24. Denies each and every allegation contained in Paragraph 24 of the complaint.

25. Denies each and every allegation contained in Paragraph 25 of the complaint, except refers the Court to the Policy for its true and correct content, and alleges that all interpretations of the provisions of the Policy be referred to, and determined by the trier of fact, and further alleges that Paragraph 25 of the complaint states a legal conclusion to which no response is required.

26. Denies each and every allegation contained in Paragraph 26 of the complaint, and further alleges that Paragraph 26 of the complaint states a legal conclusion to which no response is required.

## AS AND FOR A THIRD CLAIM FOR RELIEF

27. As to Paragraph 27 of the complaint, Carabie repeats and realleges its previous responses to Paragraphs 1 through 26, as if the same were more fully set forth at length herein.

28. Denies each and every allegation contained in Paragraph 28 of the complaint, except refers the Court to the Policy for its true and correct content, and alleges that all interpretations of the provisions of the Policy be referred to, and determined by the trier of fact, and further alleges that Paragraph 28 of the complaint states a legal conclusion to which no response is required.

29. Denies each and every allegation contained in Paragraph 29 of the complaint, except refers the Court to the Policy for its true and correct content, and alleges that all interpretations of the provisions of the Policy be referred to, and determined by the trier of fact, and further alleges that Paragraph 29 of the complaint states a legal conclusion to which no response is required.

30. Denies each and every allegation contained in Paragraph 30 of the complaint.

## AS AND FOR A FOURTH CLAIM FOR RELIEF

31. As to Paragraph 31 of the complaint, Carabie repeats and realleges its previous responses to Paragraphs 1 through 30, as if the same were more fully set forth at length herein.

32. Denies the allegations contained in paragraph 32 of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegation that "[t]he bond state, in relevant part to this action, to guarantee payment of fringe benefit contributions for all labor used in performance of the Project."

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the complaint, and further alleges that Paragraph 33 of the complaint states a legal conclusion to which no response is required.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the complaint.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the complaint.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the complaint.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the complaint, and further alleges that Paragraph 37of the complaint states a legal conclusion to which no response is required.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

39. The complaint fails to state any claim for relief upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

40. The action is barred and precluded, in whole or in part, upon the ground that the plaintiff has failed to comply with and perform certain conditions precedent.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

41. The action is barred and precluded, in whole or in part, upon the grounds of waiver, estoppel and laches.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

42.     The action if barred and precluded, in whole or in part, upon the ground that amounts alleged to be due and owing the plaintiff have been paid, in whole or in part, by Carabie to the plaintiff.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

43.     The action is barred and precluded, in whole or in part, upon the ground that the plaintiff has deliberately failed to perform all of its obligations due Carabie.

### AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE

44.     The action is barred and precluded, in whole or in part, by the applicable Statute of Limitations.

### AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE

45.     The action is barred and precluded, in whole or in part, upon the ground that the plaintiff has failed to include a necessary and indispensable party, Judlau Contracting, Inc., in this action.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

46.     If the plaintiff sustained the damages alleged in the complaint, such damages are the the result of acts, omissions and/or breaches of contract by persons or entities for whose actions defendant Carabie bears no responsibility.

**WHEREFORE**, defendant respectfully requests that a judgment be entered dismissing plaintiff's complaint in its entirety, together with such other, further and different relief as this Court may deem just and proper in the circumstances and the costs, disbursements, interest, and attorneys' fees, of this action.

Dated: White Plains, New York
      April 18, 2008

                **COLLIER, HALPERN, NEWBERG,**
                  **NOLLETTI & BOCK, LLP**
          Attorneys for Defendant Carabie Corporation

By:   S/Harry J. Nicolay
       Harry J. Nicolay ((HN-6025)
       A Member of the Firm
       One North Lexington Avenue, 15th Floor
       White Plains, New York 10601
       (914) 684-6800

TO:   Dana L. Henke (DLH-3025)
       Barnes, Iaccarino, Virginia, Ambinder & Shepherd, PLCC
       Attorneys for Plaintiff
       258 Saw Mill River Road
       Elmsford, New York 10523
       (914) 592-1515