Mark A. Rosen (MAR-2030)
Scott A. Levin (SAL-9041)
McElroy, Deutsch, Mulvaney & Carpenter, LLP
88 Pine Street – 24th Floor
New York, New York 10005
(212) 483-9490
Attorneys for Defendant,
Chubb Group of Insurance Companies

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
TRUSTEES OF THE STRUCTURAL STEEL AND
BRIDGE PAINTERS OF GREATER NEW YORK
EMPLOYEE TRUST FUNDS AND TRUSTEES OF THE
DISTRICT COUNCIL 9 PAINTING INDUSTRY
INSURANCE AND ANNUITY FUNDS,

      Plaintiffs,

  - against –

CARABIE CORPORATION AND CHUBB GROUP OF
INSURANCE COMPANIES AND VIGILANT
INSURANCE COMPANY AND FEDERAL INSURANCE
COMPANY AND FIDELITY AND DEPOSIT COMPANY
OF MARYLAND AND ZURICH AMERICAN
INSURANCE COMPANY,

      Defendants.
-------------------------------------------------------------------

Civil No.  07-CV-11404

**DEFENDANT CHUBB GROUP OF INSURANCE COMPANIES' ANSWER AND AFFIRMATIVE DEFENSES**

  Defendant, Chubb Group of Insurance Companies' Answer and Affirmative Defenses ("Chubb"), through its counsel, McElroy, Deutsch, Mulvaney & Carpenter, LLP, by way of Answer to the Complaint of Plaintiffs, Trustees of the Structural Steel and Bridge Painters of Greater New York Employee Trust Funds and Trustees of the District Council 9 Painting Industry Insurance and Annuity Funds ("Plaintiffs"), hereby alleges and says the following:

**Allegations Regarding Jurisdiction and Venue**

  1. Chubb lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint, refers all questions of law to the Court, and respectfully leaves Plaintiffs to their strict proof thereon.

2. Chubb lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint, refers all questions of law to the Court, and respectfully leaves Plaintiffs to their strict proof thereon.

3. Chubb lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint, refers all questions of law to the Court, and respectfully leaves Plaintiffs to their strict proof thereon.

4. Chubb lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint, refers all questions of law to the Court, and respectfully leaves Plaintiffs to their strict proof thereon.

5. Chubb denies the allegation that "[t]he bond issued by the Sureties guaranteed, among other provision [sic], to remit fringe benefits to the Funds obligated by the Employer," except admits only that Chubb, as co-surety, issued a bond (the "Bond") to Judlau Contracting, Inc. ("Judlau"), as principal, in connection with a construction project known as Contract C-34574 (the "Project"), which Bond speaks for itself. Chubb lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5 of the Complaint, refers all questions of law to the Court, and respectfully leaves Plaintiffs to their strict proof thereon.

### Allegations Regarding the Parties

6. Chubb lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint, refers all questions of law to the Court, and respectfully leaves Plaintiffs to their strict proof thereon.

7. Chubb lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint, refers all questions of law to the Court, and respectfully leaves Plaintiffs to their strict proof thereon.

8. Chubb lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint and respectfully leaves Plaintiffs to their strict proof thereon.

9. Chubb lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint, refers all questions of law to the Court, and respectfully leaves Plaintiffs to their strict proof thereon.

10. Chubb lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint, refers all questions of law to the Court, and respectfully leaves Plaintiffs to their strict proof thereon.

11. Chubb lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and respectfully leaves Plaintiffs to their strict proof thereon.

12. Chubb lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint and respectfully leaves Plaintiffs to their strict proof thereon, except Chubb admits that it maintains an office address at 600 Independence Parkway, Chesapeake, Virginia.

**Answer to the First Claim for Relief**

13. Chubb lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and respectfully leaves Plaintiffs to their strict proof thereon.

14. Chubb lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint, refers all questions of law to the Court, and respectfully leaves Plaintiffs to their strict proof thereon.

15. Chubb lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint, refers all questions of law to the Court, and respectfully leaves Plaintiffs to their strict proof thereon.

16. Chubb lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint, refers all questions of law to the Court, and respectfully leaves Plaintiffs to their strict proof thereon.

17. Chubb lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint, refers all questions of law to the Court, and respectfully leaves Plaintiffs to their strict proof thereon.

18. Chubb lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint, refers all questions of law to the Court, and respectfully leaves Plaintiffs to their strict proof thereon.

19. Chubb lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint, refers all questions of law to the Court, and respectfully leaves Plaintiffs to their strict proof thereon. .

## Answer to the Second Claim for Relief

20. Chubb repeats and realleges its responses to Paragraphs 1 through 19 above, as if recited in full herein.

21. Paragraph 21 of the Complaint is a question of law to which no response is required by Chubb. Chubb respectfully refers the question of law to the Court and leaves Plaintiffs to their strict proof thereon.

22. Chubb lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint, refers all questions of law to the Court, and respectfully leaves Plaintiffs to their strict proof thereon.

23. Paragraph 23 of the Complaint is a question of law to which no response is required by Chubb. Chubb respectfully refers the question of law to the Court and leaves Plaintiffs to their strict proof thereon.

24. Chubb lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint and respectfully leaves Plaintiffs to their strict proof thereon.

25. Chubb lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint, refers all questions of law to the Court, and respectfully leaves Plaintiffs to their strict proof thereon.

26. Chubb lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint, refers all questions of law to the Court, and respectfully leaves Plaintiffs to their strict proof thereon.

**Responding to the Third Claim for Relief**

27. Chubb repeats and realleges its responses to Paragraphs 1 through 26 above, as if recited in full herein.

28. Chubb lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint, refers all questions of law to the Court, and respectfully leaves Plaintiffs to their strict proof thereon.

29. Chubb lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint, refers all questions of law to the Court, and respectfully leaves Plaintiffs to their strict proof thereon.

30. Chubb lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint, refers all questions of law to the Court, and respectfully leaves Plaintiffs to their strict proof thereon.

**Responding to the Fourth Claim for Relief**

31. Chubb repeats and realleges its responses to Paragraphs 1 through 30 above, as if recited in full herein.

32. Chubb denies each and every allegation contained in Paragraph 32 of the Complaint. Chubb, as co-surety, issued a bond (the "Bond") to Judlau Contracting, Inc. ("Judlau"), as principal, in connection with a construction project known as Contract C-34574 (the "Project"), which Bond speaks for itself.

33. Chubb denies each and every allegation contained in Paragraph 33 of the Complaint, except admits only that Chubb, as co-surety, issued a bond (the "Bond") to Judlau Contracting, Inc. ("Judlau"), as principal, in connection with a construction project known as Contract C-34574 (the "Project"), which Bond speaks for itself.

34. Chubb lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint and respectfully leaves Plaintiffs to their strict proof thereon.

35. Chubb lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint and respectfully leaves Plaintiffs to their strict proof thereon.

36. Chubb denies each and every allegation contained in Paragraph 36 of the Complaint.

37. Paragraph 37 of the Complaint is a question of law to which no response is required by Chubb. Chubb respectfully refers the question of law to the Court and leaves Plaintiffs to their strict proof thereon.

38. Chubb denies each and every allegation contained in Paragraph 38 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim against Chubb upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Chubb's liability, if any, is limited to the penal sum of the Bond, and to the extent that any other entity is entitled to the proceeds of the Bond, Plaintiffs' entitlement, if any, is limited to its proportional share.

## THIRD AFFIRMATIVE DEFENSE

The debt alleged by Plaintiffs is subject to the defenses of the bond principal and Chubb incorporates each one of those defenses by reference and is entitled to the benefit of same as a defense barring or limiting any action against any bond issued by Chubb.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claim against Chubb is barred and limited by the failure of Plaintiffs to comply with statutory and/or contractual conditions precedent to bringing this action.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims must be dismissed against Chubb because Plaintiffs are estopped by their conduct from bringing this action.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims must be dismissed against Chubb by reason of waiver.

## SEVENTH AFFIRMATIVE DEFENSE

Upon information and belief, this Complaint is not subject to the jurisdiction of the United States District Court inasmuch as the provisions of the Collective Bargaining Agreement between Plaintiffs and Defendant Carabie Corporation which form the basis of this Complaint require Plaintiffs to follow a stipulated Grievance Procedure, which Grievance Procedure has not been followed.

## EIGHTH AFFIRMATIVE DEFENSE

Upon information and belief, some of the amounts sought by Plaintiffs are not recoverable against Chubb's Bond. Therefore, any recovery by Plaintiffs against Chubb must be reduced by the amount not cognizable under the Bond.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statute of limitations.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by payment.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by setoff.

## RESERVATION OF RIGHTS

Chubb reserves its right to amend its Answer to the Complaint to assert additional Affirmative Defenses upon the completion of investigation and discovery herein.

**WHEREFORE**, it is respectfully requested that the Complaint be dismissed in its entirety, together with such other and further relief as this Court may deem just and proper.

Attorneys for Defendant,
Chubb Group of Insurance Companies

Date: April 18, 2008

By:    /s Mark A. Rosen
Mark A. Rosen (MAR 2030)
Scott A. Levin (SAL 9041)
McElroy, Deutsch, Mulvaney
& Carpenter, LLP
88 Pine Street – 24th Floor
New York, New York 10005
(212) 483-9490